**Jose DEL PILAR, Plaintiff,**

**v.**

**EASTERN AIR LINES, INCORPORATED, Defendant.**

United States District Court
S. D. New York.
April 10, 1959.

Conrad & Smith, New York City, Seymour J. Ugelow, New York City, of counsel.

Kelly, Malloy & Powers, New York City, Robert M. Kelly, New York City, of counsel.

DAWSON, District Judge.

In this action, tried by the Court without a jury, plaintiff seeks damages of $25,000 on two causes of action, one for negligence and the other for breach of contract of carriage.

The facts are relatively simple. The plaintiff, now a resident of the State of New Jersey, formerly a native of Puerto Rico, who has lived in the United States for many years, returned to Puerto Rico

on a visit in the summer of 1957. He engaged air transportation to return to the United States on board an Eastern Air Lines plane due to leave San Juan, Puerto Rico, on August 10, 1957. At about 11:00 p.m. on that day he, accompanied by his wife, his sister-in-law, his niece and his grandchild, boarded the plane. He took a seat on the plane, sitting next to his grandson. After being in the seat for about twenty minutes he tried to work the lever to allow the back of the seat to recline. He found that it would not recline. He called the steward. The steward endeavored to get the back of the seat to recline but was unsuccessful. Plaintiff asked the steward for another seat and was told by the steward that there was no other seat available. He therefore remained sitting in the seat with the back upright, or possibly tilted, as plaintiff described it, about one inch forward. After about one-half hour he again called the steward and complained about the position of the seat. At this time the steward again endeavored to adjust the seat but was unsuccessful. Plaintiff then walked up and down the aisle of the plane trying to find another seat, but was unable to do so. He remained in the seat until about 2:00 a.m., at which time he exchanged seats with his wife. He apparently complained vociferously about the condition of the seat to the crew on board at the time. Plaintiff maintains that when he got up from his seat about 2:00 a.m. (having sat in it about three hours) he felt pain in his back, and that his back was stiff. At about 4:00 a.m. a woman passenger who had been sick and who had been occupying two seats, gave up the extra seat to him and he sat in that seat for the balance of the flight. He complains that he had pain in his back from 2:00 a.m. on.

Plaintiff is employed as a mechanic by R. Hoe & Company. He states that after his arrival in New York his back was so painful he was unable to return to his employment for one week; that he was out of work for one week and lost his pay for forty hours, which at the regular rate of $2.79 an hour amounted to $111.60. He states that the day following his return to New York he went to a doctor in New York. The doctor who testified said that he first saw the plaintiff on August 12, 1957; that he complained of a pain in his left back and left buttock, and of some pain in the region of his sacroiliac. The doctor strapped him up and gave him some tablets for the pain. He saw him about eight times during August and early September, 1957. During these visits the doctor gave him heat treatments.

The plaintiff complains that he is still suffering from pain in his back and has visited other doctors within recent months. No x-rays were introduced in evidence and there was no evidence of any objective nature as to signs of injury; merely of plaintiff's subjective complaints. Plaintiff alleged that he incurred doctor's bills of $50 as a result of his visits to the first doctor he saw, and that he had paid out $125 for medications, principally rubbing alcohol. He does not claim that he lost any other time from work.

The evidence of a stewardess on the flight was received by deposition. She admitted that about one-half hour after take-off the plaintiff had complained about the fact that his seat would not recline, and that the crew had tried on several occasions to fix it but had been unable to do so.

The Court finds as a fact that the plaintiff has trouble with his back and has received medical attention for it, but that this trouble is nothing more than pain in the back and does not constitute any physical impairment of the back. The Court cannot conclude that the pain which plaintiff has in his back is the result of being given a seat in an airplane which seat did not recline. It is beyond the bounds of credulity to believe that a man who had to sit in an airplane seat where the back of the seat went straight up or even slanted one inch forward would, as a result of sitting in that seat for three hours, develop a condition of his back which would result in in-

juries which would last for a year and a half. No medical testimony was given relating the condition of the seat to the injury of which plaintiff complains. The first doctor who examined him was unable to get a history from the plaintiff, due to language difficulties. The plaintiff however was able to testify lucidly, even though in broken English, and stated that he had given a history to this doctor.

The Court is unable to find any causal connection between the condition of the seat and the condition of which plaintiff complains. Plaintiff has failed to meet his burden of establishing this causal connection by a fair preponderance of the evidence. He has relied upon the old logical fallacy of *post hoc propter hoc*, i.e., that because he felt pain after he had sat in the seat, therefore the condition of the seat was the cause of his pain, without offering competent proof to establish this causal connection.

The action is dismissed with costs. So ordered.